# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | |
|---|---|
| **TRADEWAYS, LTD.**<br>184 Duke of Gloucester Street<br>Annapolis, MD 21401<br><br>*Plaintiff,*<br><br>        v.<br><br>**THE UNITED STATES DEPARTMENT OF THE TREASURY**<br><br>**SERVE ON:**<br>Brian Callanan, Esq.<br>General Counsel<br>1500 Pennsylvania Avenue, NW<br>Washington DC, 20220<br><br>**and**<br><br>**THE UNITED STATES SMALL BUSINESS ADMINISTRATION**<br><br>**SERVE ON:**<br>Chris Pilkerton, Esq.<br>Office of General Counsel<br>409 3rd Street SW<br>Washington, DC 20416<br><br>**and**<br><br>**JOVITA CARRANZA, in her Official Capacity as Administrator of the Small Business Administration**<br><br>**SERVE ON**:<br>Office of General Counsel<br>409 3rd Street SW<br>Washington, DC 20416 | **CIVIL ACTION**<br><br>**NO.** _____<br><br><br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| and<br><br>**STEVEN MNUCHIN, in his Official Capacity as United States Secretary of the Treasury**<br><br><u>**SERVE ON:**</u><br>United States Department of the Treasury<br>Office of General Counsel<br>1500 Pennsylvania Ave NW<br>Washington, DC 20220<br><br>           *Defendants*. | |

<u>**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**</u>

Plaintiff, Tradeways, Ltd. ("Tradeways"), by and through undersigned counsel, and files this Complaint for Injunctive and Declaratory Relief against the United States Department of the Treasury ("Defendant Treasury"), the United States Small Business Administration ("Defendant SBA"), Jovita Carranza ("Defendant Carranza") in her official capacity as Administrator of the United States Small Business Administration and Steven Mnuchin ("Defendant Mnuchin") in his official capacity as Secretary of the Treasury (collectively, the "Defendants"), and in support thereof states as follows:

I.      <u>**INTRODUCTION**</u>

Amid our country's handling of the novel coronavirus pandemic, the United States government enacted an extraordinary piece of legislation attempting to inject trillions of dollars into our economy. As part of this legislation, the Defendants were responsible for administering approximately $660 billion in Paycheck Protection Program ("PPP") loans to qualified small businesses.

The Defendants were responsible for issuing and publishing guidance to allow banks and other lending institutions to properly process PPP loan applications and to distribute PPP funding in accordance with the CARES Act requirements. However, the Defendants overstepped their

statutory authority and imposed additional requirements on certain PPP loan applicants. These additional rules ultimately excluded a potential borrower business from receiving a PPP loan if one or more of the owners of the borrower business were presently involved in any personal bankruptcy proceeding. This provision—or prohibition—was not contemplated by Congress and was not codified in the CARES Act or any subsequent legislation pertaining to the CARES Act and the PPP loan process.

## II.   PARTIES

1. Plaintiff Tradeways, Ltd. is a Delaware closed corporation with its primary place of business located at 184 Duke of Gloucester Street, Annapolis, Maryland 21401.

2. Joseph Gorski ("Mr. Gorski") is an individual resident of Maryland and the sole owner of Tradeways.

3. Defendant Treasury is a government department organized under the laws of the United States of America whose purpose is to collect tax revenue and administer government spending pursuant to those same laws.

4. Defendant SBA is a government department organized under the laws of the United States of America whose purpose is to provide service and support to small businesses in the United States. Per its website, Defendant SBA "has worked to ignite change and spark action so small businesses can confidently start, grow, expand, or recover."

5. Defendant Carranza is the current administrator of the United States Small Business Administration and has been in this position throughout the entirety of the relevant time period. Defendant Carranza was and is directly responsible for the administration of the PPP, including the development and issuance of guidance for determining the PPP Loan eligibility pursuant to the CARES Act.

6.  Defendant Mnuchin is the Secretary of the Treasury and has been in this position throughout the entirety of the relevant time period. Defendant Mnuchin, in cooperation with Defendant Carranza, was and is directly responsible for the administration of the PPP, including the development and issuance of guidance for determining the PPP Loan eligibility pursuant to the CARES Act.

### III.     JURISDICTION AND VENUE

7.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1334(b) as well as 15 U.S.C. § 634(b). The requested relief is proper under 5 U.S.C. §§ 702, 704, and 706 and 28 U.S.C. § 2201 and 2202.

8.  Venue lies in this District pursuant to 28 U.S.C. §§ 1391(c)(2) as this is a judicial district in which Tradeways maintains its principal place of business.

### IV.     FACTS

**A.     Facts Pertaining to the CARES Act and the PPP Loan Program**

9.  The CARES Act is the largest economic relief bill in United States history. As enacted, the CARES Act allocates $2.2 trillion to support individuals and businesses that are affected by the COVID-19 pandemic wreaking havoc on the global economy.

10. The CARES Act expanded the eligibility criteria for borrowers to qualify for SBA loans through the institution of the PPP. The PPP was purportedly made available to small businesses with payroll employees, eligible non-profit organizations, veterans' organizations, and tribal businesses per the Small Business Act.

11. The CARES Act contains provisions including certain criteria for the size of qualifying businesses and terms of loan forgiveness. However, there is nothing in the CARES Act

that refers to, either directly or indirectly, criteria that a potential borrower business's owners or officers must meet for the borrower business to qualify for a PPP loan.

12. The CARES Act does not require a borrower business owner to personally guarantee the business's PPP loan nor does it require that the borrower business owner's personal credit score or personal financial information be considered as part of the application process. The CARES Act also does not preclude the borrower business from receiving a PPP loan because either the borrower business or one or more of the borrower business's owners or officers has filed for bankruptcy and is currently involved in active bankruptcy proceedings.

13. Defendant SBA, with the involvement and assistance of Defendant Carranza and Defendant Mnuchin, subsequently released publications instituting guidance on borrower eligibility.

14. On April 28, 2020, Defendant SBA published an Interim Final Rule (Business Loan Program Temporary Changes; Paycheck Protection Program – Requirements – Promissory Notes, Authorizations, Affiliation, and Eligibility). *See* Exhibit A (April 28 Interim Final Rule).

15. Paragraph 4 of this Interim Final Rule states: "If the applicant or the owner of the applicant is the debtor in a bankruptcy, proceeding, either at the time it submits the application or at any time before the loan is disbursed, the applicant is ineligible to receive a PPP loan."

16. This provision goes on to state: "The Administrator, in consultation with the Secretary, determined that providing PPP loans to debtors in bankruptcy would present an unacceptably high risk of an unauthorized use of funds or non-repayment of unforgiven loans." *Id*.

**B.     Facts Pertaining to Tradeways**

17. Tradeways was founded in 1974 by Joseph Gorski and has been in operation for the past 46 years.

18. Tradeways' primary source of revenue is earned through fulfilling export contracts with businesses and governments based in multiple foreign countries. These countries include South Korea, Italy, Sweden, and the United Arab Emirates.

19. Tradeways' employees and officers are often required to travel to one or more foreign countries per year in order to procure contracts, meet with clients, and perform other duties necessary to Tradeways' operations.

20. Tradeways has suffered significantly since the onset and proliferation of COVID-19. Tradeways' operations rely heavily on foreign travel and in-person meetings with customer representatives. In the past few months, foreign travel has been curtailed significantly overall and many foreign governments are not permitting international travelers to enter their countries in order to slow the spread of COVID-19.

21. Tradeways has experienced a significant decrease in business revenue since the COVID-19 pandemic began in earnest. Unless there is a significant change in the anticipated trajectory, Tradeways anticipates that it will likely be forced to cease operations altogether.

C. **Facts Pertaining to Owner Joseph Gorski**

22. Joseph Gorski is an individual resident of the State of Maryland. He has been the owner of Tradeways since its inception in 1974.

23. On or about February 4, 2019, Mr. Gorksi, individually, filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Maryland. The case was docketed as Bankruptcy Petition No. 19-11500.

24. Mr. Gorski's bankruptcy is unrelated to the operation of Tradeways and pertains only to Mr. Gorski's personal assets and liabilities.

25. Mr. Gorski's bankruptcy is still pending before the US Bankruptcy Court.

**D.      Facts Pertaining to the PPP Loan Application**

26.     On or about April 23, 2020, Tradeways applied for an $86,000.00 PPP loan through its lender, First Citizens Bank.

27.     On or about April 30, 2020, Tradeways received notification from a First Citizens Bank representative that its PPP application had been denied. This denial was issued on the grounds that Tradeways did not qualify for a PPP loan because its owner, Joseph Gorski, was involved in an active bankruptcy case.

28.     To date, Tradeways has not been able to procure a PPP loan and is unable to procure funding through any other means and remains at significant risk for long term harm without financial assistance.

29.     Several federal courts have granted plaintiffs the same relief sought in this action. *Roman Catholic Church of Archdiocese of Santa v. The U.S. Small Business Administration and Jovita Corranza, solely as the Administrator of the U.S. Small Business Administration,* Adv. No. 20-01026-t, 2020 WL 2096113 (Bankr. D.N.M. May 1, 2020) (Court issued injunction based on defendants' exclusion of plaintiff from PPP funding based on status as bankruptcy debtor was arbitrary and capricious, exceeded defendants' statutory authority, and violated 11 U.S.C 525(a).); *PENOBSCOT VALLEY HOSPITAL v. JOVITA CARRANZA, in her capacity as Adm'r for the U.S. Small Bus. Admin.,* Adv. No. 20-01005, 2020 WL2201943 (Bankr. D. Me. May 1, 2020) (Temporary restraining order issued preventing defendants from precluding bankruptcy debtor from qualifying for PPP funds based on status as bankruptcy debtor. ); *Hidalgo County Emergency Service Foundation v. Jovita Carranza, In Her Capacity As Administrator For The U.S. Small Business Administration,* Adv. No. 20-02006, 2020 WL 2029252 (Bankr. S.D. Tex. Apr. 25, 2020) (Preliminary injunction granted preventing defendants from precluding plaintiff from qualifying

for PPP funds due to status as bankruptcy debtor on the basis defendants exceeded their statutory authority and violated 11 U.S.C. 525(a).); *Calais Regional Hospital v. JOVITA CARRANZA, in her capacity as Administrator for the U.S. Small Business Administration,* Adv. No. 20-01006 (Bankr. D. Me. April 27, 2020) (Temporary restraining order granted preventing defendants from preventing plaintiff from qualifying for PPP loan acknowledging rapid depletion of funds.)*; Springfield Hosp., Inc., Plaintiff, v. Jovita Carranza, in her capacity as Adm'r for the U.S. Small Bus. Admin.,* Adv. No. 20-01003, 2020 WL 2125881 (Bankr. D. Vt. May 4, 2020) (Temporary restraining order granted against defendants precluding defendants stating that PPP "ha[s] no underwriting mandates.")*; and KP Engineering, LP v. JOVITA CARRANZA, in her Capacity as Administrator for the United States Small Business Administration,* Adv. No. 20-03120 (Bankr. S.D. Tex., May 5, 2020) (Temporary restraining order granted against defendants allowing bankruptcy debtor to submit application with references to bankruptcy stricken.).

## COUNT I
## VIOLATION OF 5 U.S.C. § 706(2)(C)
## EXCEEDING STATUTORY AUTHORITY

30. Plaintiff incorporates the allegations of Paragraphs 1 through 29 as if set forth fully herein.

31. Under the Administrative Procedures Act 5 U.S.C. 500 et seq. ("APA") courts can and shall set aside agency action that is in excess of statutory jurisdiction. 5 U.S.C. § 706(2)(C).

32. The text of the CARES Act does not prevent applicant businesses from qualifying for PPP loans because one or more of their owners have filed for bankruptcy and are currently involved in bankruptcy as individuals.

33. There is no law, regulation, or contemplated or pending legislation that disqualifies these applicant businesses from receiving PPP loans due to an owner's bankruptcy, or even due to an active bankruptcy involving the applicant business.

34. The only prohibition against extending loans to these applicant businesses is found in the SBA guidance issued by the Defendants. *See* Ex. A at ¶ 4.

35. The Defendants by their own admission, have exceeded their statutory authority insofar as they have substituted their own judgment for the judgment of this country's democratically elected Congress and President. The Defendants do not cite to any authority, statutory, regulatory, or otherwise, to explain or otherwise justify their arbitrary and completely independent decision to exclude applicants based on bankruptcy status.

36. Indeed, Congress explicitly disqualified medium-sized business from qualifying for funds under the CARES Act if they were bankruptcy debtors but did not include the same or similar prohibition for the PPP in the CARES Act.

37. PPP loan applicants are required to disclose bankruptcy information as the PPP Borrower Application Form requires the applicant to answer this question for their bank or lender to process the application. *See* Exhibit B (Copy of the Borrower Application Form issued by the Defendant SBA).

38. Defendants have made a final determination and there are no administrative appeals available to Tradeways.

39. The Defendants' ongoing violation of the APA is causing continuing harm to Tradeways. All reliable sources of information indicate that the remaining funds allotted for PPP loans will likely be exhausted before long and that there is not likely to be any more funds issued.

Any unlawful delays or impediments increase the likelihood that Tradeways will be unable to receive PPP loan funding before the PPP funds are exhausted.

## COUNT II
## VIOLATION OF 5 U.S.C. § 706(2)(A)
## ARBITRARY AND CAPRICIOUS

40. Plaintiff incorporates the allegations of Paragraphs 1 through 39 as if set forth fully herein.

41. The court, under 5 U.S.C. § 706(2)(A) must set aside agency actions that are arbitrary and capricious or an abuse of discretion.

42. The Defendants arbitrarily, and for no statutory or regulatory reason, chose to limit the pool of PPP loan applicants on flimsy and unfounded grounds: [t]he Administrator, in consultation with the Secretary, determined that providing PPP loans to debtors in bankruptcy would present an unacceptably high risk of an unauthorized use of funds or non-repayment of unforgiven loans. See Ex. A at ¶ 4.

43. The Defendants by their own admission, have substituted their own judgment for the judgment of this country's democratically elected Congress and President. The Defendants do not cite to any authority, statutory, regulatory, or otherwise, to explain or otherwise justify their arbitrary and capricious decision to exclude applicants based on bankruptcy status.

## COUNT III
## VIOLATION OF 11. U.S.C §525(A)

44. Plaintiff incorporates the allegations of Paragraphs 1 through 43 as if set forth fully herein.

45. 11 U.S.C § 525(a) states:

> (a) ... ***a governmental unit may not deny***, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, ***discriminate with respect to such a***

>    ***grant against,*** deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, ***or another person with whom such bankrupt or debtor has been associated***, solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

(emphasis added.)

46. The forgivable nature of PPP loans makes the PPP a grant program.

47. Plaintiff fully intends to comply with the requirements of the PPP to ensure Plaintiff receives full forgiveness.

48. Defendants denial of Plaintiff's PPP application based on the fact its owner is a bankruptcy debtor is a direct violation of 11 U.S.C. 525(a).

## COUNT IV
## REQUEST FOR IMMEDIATE INJUNCTIVE AND DECLARATORY RELIEF

49. Plaintiff incorporates the allegations of Paragraphs 1 through 48 as if set forth fully herein.

50. Plaintiff is likely to succeed on the merits of its case as it has demonstrated that the Defendants exceeded their statutory authority and did so in an arbitrary and capricious manner.

51. Plaintiff has demonstrated that it will suffer irreparable and permanent harm if this court does not grant immediate and permanent relief.

52. The balance of harms and public interest weigh strongly in favor of granting injunctive and declaratory relief in this case. The Plaintiff is facing irreparable harms including, but not limited to: loss of business revenue and income; inability to continue to pay its employees;

short and long term financial uncertainty; insolvency; bankruptcy; cessation or permanent closure of business; and any number of financial and non-financial problems that result from loss of income. In contrast, the Defendants have presented no evidence of harm resulting from an injunction.

53. A judgment for injunctive and declaratory relief is in the public interest. Such a judgment would provide clarification as to the intent and content of the CARES Act, not only for the Plaintiff, but also for all those individuals and businesses who are similarly situated. This judgment would also send a clear message to the Defendants, as well as to all government agencies and officers, that they are not permitted to substitute their judgment for that of democratically elected representatives and leaders, or to apply their own standards of behavior or compliance to the citizens and businesses of the United States.

54. There is an actual controversy between the parties regarding Plaintiff's qualification for a PPP loan.

**WHEREFORE**, the Plaintiff hereby requests that this honorable court:

(a) Grant a Temporary Restraining Order pursuant to the Motion and supporting documentation filed contemporaneously with this Complaint;

(b) Grant a permanent injunction in due course based upon the merits of the Plaintiff's case;

(c) Issue an Order declaring that the actions of the Defendants are unlawful, outside the scope of their respective authorities, and both arbitrary and capricious; and

(d) Direct Defendants to set aside $86,000.00 in funding for Plaintiff in the event Plaintiff succeeds on its claims; and

  (e) Award costs, expenses, and attorneys' fees to Plaintiff pursuant to 28 U.S.C. § 2412; and

  (f) Grant whatever other relief this Court deems just and appropriate.

Dated: May 27, 2020        Respectfully submitted,

          */s/ Sean P. Hatley*
         Matthew P. Kraeuter (Bar No. 29252)
         Sean P. Hatley (Bar No. 20139)
         Elizabeth M. Burlington (Bar No. 10209)
         FROST LAW
         839 Bestgate Road, Suite 400
         Annapolis, Maryland 21401
         Phone: (410) 497-5947
         Facsimile: (888) 235-8405
         Email: matt.kraeuter@frosttaxlaw.com
         Email: sean.hatley@frosttaxlaw.com
         Email: elizabeth.burlington@frosttaxlaw.com

         *Counsel for Plaintiff*
         *Tradeways, Ltd.*