**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

May 28, 2020

MEMORANDUM TO PLAINTIFF'S COUNSEL

Re:   *Tradeways, Ltd. v. The U.S. Dep't of the Treasury, et al.*,
      Civil Action No. ELH-20-1324

Dear Counsel:

At about 7:07 p.m. on Wednesday, May 27, 2020, plaintiff Tradeways, Ltd. ("Tradeways") filed a "Verified Complaint For Injunctive Declaratory Relief" (ECF 1) against defendants U.S. Department of the Treasury; U.S. Small Business Administration (the "SBA"); Jovita Carranza, the Administrator of the SBA; and Steven Mnuchin, the Secretary of the Treasury. The suit concerns the Paycheck Protection Program ("PPP"), a relief program created by the recently enacted Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). *See* Pub. L. No. 116-136, § 1102, 134 Stat. 281 (2020).

Plaintiff alleges that it was denied a PPP grant on April 30, 2020, solely on the basis that its owner, Joseph Gorski, is a debtor in a bankruptcy proceeding. According to Tradeways, the CARES Act does not prohibit participation in the PPP on this basis. Instead, the grant was denied pursuant to an interim final rule promulgated by the SBA. ECF 1, ¶¶ 14-17, 27; *see* Business Loan Program Temporary Changes; Paycheck Protection Program—Requirements—Promissory Notes, Authorizations, Affiliation, and Eligibility, 85 Fed. Reg. 23450-23452 (proposed Apr. 28, 2020) (to be codified at 13 C.F.R. pt. 120 & 121). And, plaintiff contends that the SBA's interim final rule violates the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* (Counts I and II), and 11 U.S.C §525, which prohibits discrimination in the issuance of federal licenses, permits, and grants (Count III). ECF 1, ¶¶ 30-48.

On May 28, 2020, plaintiff filed an "Emergency Motion For A Temporary Restraining Order And Preliminary Injunction." ECF 2 ("TRO").[1] It is supported by a memorandum of law (ECF 2-1) and the Affidavit of Gorski. ECF 2-3. Tradeways asks the Court, *inter alia*, to restrain defendants from disqualifying it from participating in the PPP because of its owner's bankruptcy status and to order defendants to set aside $86,000 in PPP funding. ECF 2 at 2.

---

[1] Plaintiff also filed the TRO as an "Attachment" to the Complaint. *See* ECF 1-3.

-2-

In the TRO, plaintiff summarily asserts that it provided notice of the TRO to defendants' counsel via email, as required by Fed. R. Civ. P. 65(a)(1).  ECF 2 at 2.  However, plaintiff does not indicate who was contacted, nor has Tradeways provided the Court with contact information.

Accordingly, plaintiff is directed to provide the Court with the names and contact information of counsel for defendants, due by **12:00 p.m. on June 1, 2020**.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

Sincerely,

/s/
Ellen Lipton Hollander
United States District Judge